**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

LUIS VIDAL,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.,
a Foreign Profit Corporation

    Defendant.
_____/

**COMPLAINT**

Plaintiff LUIS VIDAL (hereinafter "Plaintiff" or "VIDAL"), by and through his undersigned counsel, hereby files this Complaint against Defendant, TEVA PHARMACEUTICALS USA, INC., (hereinafter, "Defendant" or "TEVA") and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq*.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiff was employed by Defendant in Sunrise, Florida; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

## PARTIES

4. Plaintiff, at all times relevant, resided within the Southern District of Florida. Plaintiff is over the age of eighteen years and otherwise *sui juris*.

5. Plaintiff is an individual over 40 years of age, and is a member of a class protected under the ADEA and the FCRA because the terms, conditions, and privileges of his employment were altered due to his age, and/or in retaliation for his valid complaint of hostile work environment.

6. Defendant is a Foreign Profit Corporation registered to do business within Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is a pharmaceutical company, marketing products from a wide range of therapeutic areas.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA, Fla. Stat. §760.02(7).

9. At all times relevant hereto, Defendant was a covered employer under the ADEA, 29 U.S.C. § 630(b), in that it employed twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year during the relevant time period and because Defendant's business is engaged in the transporting, handling or otherwise working with or on goods that have been moved in or produced for commerce, as defined in the ADEA, 29 U.S.C. § 630(g).

10. All conditions precedent to this action have been performed or waived.

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR").

12. Plaintiff's Charge was filed on or about March 25, 2019. The actions complained of herein occurred no more than 300 days before that date.

13. Plaintiff's Charge cited discrimination due to age, retaliation for making internal complaints, and hostile work environment. Plaintiff received the Notice of Suit Rights on or about September 13, 2019 (a copy of the Notice is attached hereto as Exhibit "A"). This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

## GENERAL ALLEGATIONS

14. Plaintiff was employed as a manufacturing specialist by Defendant, its subsidiaries and/or their predecessors, for more than twenty (20) years, until his termination on or about February 27, 2019.

15. In or about early 2018, Wilman Macias (hereinafter "Wilman") became Plaintiff's supervisor, who would call Plaintiff "old man" at times.

16. During Plaintiff's employment with Defendant, he always received the hardest work among his co-workers, all of whom were younger than him.

17. Plaintiff brought up his concerns of this disparate treatment to Wilman multiple times, but Plaintiff's working conditions remained unchanged.

18. Not long before Plaintiff's termination, Plaintiff brought up his concerns to Wilman again, who then promised that he would make some changes.

19. On or about February 6, 2019, Plaintiff went on vacation.

20. On February 8, 2019, Plaintiff received a phone call from Wilman, informing Plaintiff that he was being suspended due to a pending investigation.

21. Prior to the phone call, Plaintiff was never notified of any investigation on him, and he was never properly interviewed for the alleged investigation.

22. The only encounter when Plaintiff was made aware of an investigation was when Plaintiff ran into an anonymous lady in the hallway.

23. The anonymous lady asked Plaintiff the typical procedures of a cleaning assignment and told Plaintiff that an investigation was ongoing, without any specifications as to the essence of the investigation, and without informing Plaintiff that he was the subject of the investigation.

24. Subsequently, on February 27, 2019, Plaintiff was terminated over the phone, and was advised that he was terminated due to the results of the investigation.

25. At the time of Plaintiff's termination, he was the most senior employee in his location.

26. Based on knowledge and belief, Defendant started to hire people younger than forty (40) years old during the last few years, and multiple very senior and older employees had been terminated in Defendant's Davie office not long before Plaintiff was terminated.

27. Defendant did not treat other similarly situated employees similarly who were either (a) younger than 40 years old, or (b) had not complained about hostile work environment. Further, Defendant did not follow its own policies with regard to Plaintiff and held Plaintiff to a higher standard than his colleagues.

28. Prior to his complaint about hostile work environment, Plaintiff was unaware of any performance deficiencies and he had not been previously disciplined.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF THE ADEA
## (DISCRIMINATION)

31. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

32. This is an age discrimination action which arises under the provisions of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

33. Plaintiff belongs to the class protected under the ADEA because he was over 40 years of age at the time of his termination.

34. During Plaintiff's employment with Defendant, Plaintiff was the most senior employee, and always received the hardest assignment.

35. Meanwhile, Wilman would at times call Plaintiff "old man".

36. Plaintiff expressed his concerns for the disparate treatment to Wilman multiple times, but his working conditions remained unchanged.

37. The disparate treatment due to Plaintiff's age happened on a daily basis and it created a hostile and/or offensive work environment, which ultimately resulted in Plaintiff's termination.

38. Plaintiff was advised that he was terminated due to the results of the investigation on one of his assignments, which is pretextual.

39. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the ADEA as a direct result of Defendant's discriminatory actions.

40. Plaintiff, based on information and belief, alleges that Plaintiff's supervisor, Wilman, acted with intentional disregard for Plaintiff's rights as a person over forty (40) years of age, who is protected under the ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Wilman, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF THE ADEA
### (HOSTILE WORK ENVIRONMENT)

41. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

42. Plaintiff brings this action under §7(b) of the ADEA, 29 U.S.C. § 626(b), for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment inflicted on Plaintiff due to his age.

43. Plaintiff is a member of a protected class because he was over forty (40) years of age at the time of his termination.

44. The terms and conditions of Plaintiff's employment were altered in that he could not perform his job without being subjected to Wilman's pattern of conduct whereby he would call Plaintiff "old man" and give Plaintiff the hardest assignments.

45. Wilman was Plaintiff's immediate supervisor at the time and Wilman's actions towards Plaintiff were severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Wilman's conduct was severe and pervasive from both a subjective and objective perspective.

46. Despite the complaint, Wilman's pattern of conduct and actions were condoned by Defendant when it began an investigation on one of Plaintiff's assignments secretly, and terminated Plaintiff due to the alleged results of the investigation.

47. During the entirety of the investigation, Plaintiff received no notice that he was the subject of the investigation, and he was never provided an opportunity to explain the situation at issue in the investigation.

48. Wilman, at all times relevant, was acting within the course and scope of his employment.

49. If not for Wilman's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received the hardest assignments, and a secret investigation would not have been initiated on one of Plaintiff's assignments, which caused Plaintiff's termination. Defendant's proffered reason to terminate Plaintiff is pretextual.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the ADEA as a direct result of Defendant's discriminatory actions.

51. Plaintiff, based on information and belief, alleges that Plaintiff's supervisor, Mr. Wilman, acted with intentional disregard for Plaintiff's rights as a person over forty (40) years of age, who is protected under the ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Wilman, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper

## COUNT III: VIOLATION OF THE ADEA
## (RETALIATION)

52. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

53. Plaintiff brings this claim for retaliation in violation of the ADEA.

54. Plaintiff complained to Wilman about receiving the hardest assignment multiple times, but Plaintiff's working conditions remained unchanged.

55. The last time when Plaintiff made the complaint to Wilman, Wilman advised that he would make some changes.

56. At the time Plaintiff made his complaints, he had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

57. As a result of his last complaint, Plaintiff has suffered an adverse employment action because a secret investigation was initiated on one of his assignments.

58. Soon after the investigation was initiated, Plaintiff was suspended, after which Plaintiff was terminated within three weeks.

59. Defendant states that Plaintiff was terminated due to the results of the investigation, though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was neither warned nor advised of any deficiencies with his job prior to complaining to Wilman about receiving the hardest assignments.

60. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, injunctive relief and lost wages and benefits, pursuant to the provisions of ADEA, 29 U.S.C. § 626 (b)

61. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under ADEA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to liquidated damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the ADEA, all as provided in 29 U.S.C. § 626;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 626 (b);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

### COUNT IV: VIOLATION OF THE FCRA
### (DISCRIMINATION BASED ON AGE)

62. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, based on his age, 40 years of age or older, and because the terms and conditions of his employment were altered due to his age.

64. Defendant terminated Plaintiff on February 27, 2019 for the alleged results of an investigation.

65. At the time of Plaintiff's termination, he was the most senior employee in his location, and always received the hardest assignment.

66. Meanwhile, Wilman would call Plaintiff "old man" at times.

67. Plaintiff expressed his concerns for the disparate treatment to Wilman multiple times, but his working conditions remained unchanged.

68. The disparate treatment due to Plaintiff's age happened on a daily basis and it created a hostile and/or offensive work environment, which ultimately resulted in Plaintiff's termination.

69. Defendant failed to evenly apply its policies to Plaintiff and held Plaintiff to a higher standard than his younger counterparts.

70. Defendant did not have a valid, non-discriminatory reason for terminating Plaintiff. However, even if it did, Defendant's proffered reason for Plaintiff's termination is pretextual.

71. Wilman acted within the scope of his duties with Defendant and Defendant is liable for Wilman's discriminatory conduct by ratifying/condoning said actions.

72. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

73. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

    a. Past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b. Interest on the amount found due;

      c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

      d. Such other relief as the Court deems just and proper.

## COUNT V: VIOLATION OF THE FCRA
## (RETALIATION)

74. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

75. Plaintiff brings this claim for retaliation in violation of the FCRA.

76. Plaintiff complained to Wilman about receiving the hardest assignments multiple times, but Plaintiff's working conditions remained unchanged.

77. The last time when Plaintiff made the complaint to Wilman, Wilman advised that he would make some changes.

78. At the time Plaintiff made his complaints, he had an objectively reasonable belief that the treatment he experienced was due to his age, hostile work environment, or a combination thereof.

79. As a result of his last complaint, Plaintiff has suffered an adverse employment action because a secret investigation was initiated on one of his assignments.

80. Soon after the investigation was initiated, Plaintiff was suspended, after which Plaintiff was terminated within three weeks.

81. Defendant states that Plaintiff was terminated due to the results of the investigation, though there is no support for this claim and it is, therefore, pretextual. Any other reason for Plaintiff's separation is equally pretextual as he was neither warned nor advised of any deficiencies with his job prior to complaining to Wilman about receiving the hardest assignments.

82. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

83. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

a. Past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;
b. Interest on the amount found due;
c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and
d. Such other relief as the Court deems just and proper.

### COUNT VI – VIOLATION OF THE FCRA
### (HOSTILE WORK ENVIRONMENT)

84. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

85. Plaintiff is a member of a protected class under the FCRA, §§ 760.01-760.11, because he was subjected to a hostile work environment due to his age.

86. The terms and conditions of Plaintiff's employment were altered in that he could not perform his job without being subjected to Wilman's pattern of conduct whereby he would call Plaintiff "old man" and give Plaintiff the hardest assignments.

87. Wilman was Plaintiff's immediate supervisor at the time and Wilman's actions towards Plaintiff were severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Wilman's conduct was severe and pervasive from both a subjective and objective perspective.

88. Despite the complaint, Wilman's pattern of conduct and actions were condoned by Defendant when it began an investigation on one of Plaintiff's assignments secretly, and then terminated Plaintiff due to the results of the investigation.

89. During the entirety of the investigation, Plaintiff received no notice that he was the subject of the investigation, and he was never provided an opportunity to explain the situation at issue in the investigation.

90. Wilman, at all times relevant, was acting within the course and scope of his employment.

91. If not for Wilman's animus towards Plaintiff as an individual over 40 years of age, Plaintiff would not have received the hardest assignments, and a secret investigation would not have been initiated on one of Plaintiff's assignments, which ultimately caused Plaintiff's termination. Defendant's proffered reason to terminate Plaintiff is pretextual.

92. Furthermore, Wilman's actions have been ratified and/or condoned by Defendant as he has not, upon information and belief, been disciplined for his conduct.

93. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

94. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful

conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LUIS VIDAL requests judgment for:

a. Past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. Interest on the amount found due;

c. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff LUIS VIDAL demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 5, 2019.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ CHARLES EISS
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       TIEXIN YANG, Esq.
       Fla. Bar #1010651
       tiexin@icelawfirm.com